# IN THE UNITED STATES DISTRICT COURT
# FOR NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) ) | COMPLAINT |
| HEALTHCARE SERVICES GROUP, INC ) ) ) | JURY TRIAL DEMAND |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Jackie Horner, an individual who was aggrieved by the unlawful practices. As alleged with greater particularity below, the Commission alleges that Healthcare Services, Inc., ("Defendant" or "Healthcare") discriminated against Jackie Horner by discharging her because she was pregnant.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 703(a)(1), 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.     The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

## PARTIES

3.     The Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, the Defendant, Healthcare Services Group, Inc., (the "Employer"), has continuously been a corporation doing business in the State of Alabama, and has continuously had at least fifteen employees.

5.     At all relevant times, the Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Jackie Horner filed a charge with the Commission alleging a violation of Title VII by the Defendant Employer. The Commission issued a decision on March 30, 2007, in which it found reasonable cause to believe that Ms. Horner had been discharged because of her pregnancy. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     The Defendant Employer engaged in unlawful employment practices at its work site in Alabama in violation of § 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). On October 1, 2005, Ms. Horner was hired by Defendant as a floor technician and heavy housekeeper. On or

about January 21, 2006, Ms. Horner advised Defendant of her pregnancy. Ms. Horner's supervisor immediately made discouraging remarks regarding the pregnancy and job performance. Within a week, on January 27, 2006, Ms. Horner was terminated from employment with Defendant because of her pregnancy.

8. The effect of the practices complained of above has been to deprive Jackie Horner of equal employment opportunities and otherwise adversely affect her status as an employee.

9. The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Jackie Horner.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant Employer to make whole Jackie Horner by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Jackie Horner by providing compensation for past and future pecuniary losses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Jackie Horner, by providing compensation for non-pecuniary losses, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay punitive damages to Jackie Horner in an amount to be determined at trial for its malicious or reckless indifference to the federally protected rights of Ms. Horner.

H. Grant such further relief as the Court deems necessary and proper.

I. Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in this complaint involving intentional violations of Title VII.

Respectfully submitted,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 "L" Street, Northwest
Washington, DC  20507

C. EMANUEL SMITH (MS Bar No. 7473)
Regional Attorney

_/s/ Julie Lee_
JULIE S. LEE (DC Bar No. 433292)
Supervisory Trial Attorney


_____
DEBRA H. CROOK (. ASB-6862-R69D)
Senior Trial Attorney


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205-2886
Tel: (205) 212-2064